# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

AARON ANGEL,

Appellant,

v.

TIFFANY WHITE, DAVID WHITE, and JOSHUA REGAN,

Appellees.

No. 2D2025-0703

_____

July 10, 2026

Appeal from the Circuit Court for Pasco County; Kimberly Sharpe Byrd, Judge.

Jeffrey M. Sheloske, William H. Winters, Marc E. Yonker, and Patrick D. Brannon of Winters & Yonker, PA, Tampa, for Appellant.

Kenneth E. Amos and Brandt A. Carlson of Vernis & Bowling of St. Petersburg, P.A., St. Petersburg, for Appellees Tiffany White and David White.

Christopher D. Lord and Jessica D. Russ of Freeman, Goldis & Cash, P.A., St. Petersburg, for Appellee Joshua Regan.

SMITH, Judge.

In this multivehicle negligence action brought by Appellant Aaron Angel, Mr. Angel challenges the trial court's order granting a directed

verdict in favor of Appellees Tiffany and David White, arguing that the expert witness evidence at trial supported a finding that Ms. White's actions contributed to the accident. Because the trial court improperly weighed the parties' conflicting expert testimony, we reverse and remand for a new trial.

I.

Mr. Angel brought suit against the Whites and Joshua Regan[1] claiming that he sustained injuries after they negligently operated their respective vehicles, colliding into his truck. At trial, Mr. Angel testified that on the day in question he was stopped at a red light when his truck was rear-ended; he testified that he felt two impacts but did not see the collision. Mr. Angel was talking on the phone with Andrew Myers at the time of the collision; Mr. Myers testified that Mr. Angel abruptly told him that he had been rear-ended and then moments later that he "got hit again." Mr. Myers also testified that he heard a single "muffled crash noise."

In his case-in-chief, Mr. Angel called Steven Koontz, a forensic engineer, who had conducted a reconstruction of the accident. Mr. Koontz opined that based on his reconstruction, Ms. White's vehicle hit Mr. Angel's truck while it was stopped, and Mr. Regan's vehicle then hit Ms. White's vehicle, pushing it into Mr. Angel's truck again. Mr. Koontz further opined that if Mr. Regan's vehicle had struck Ms. White's vehicle first, propelling it into Mr. Angel's truck, then Ms. White's and Mr. Angel's vehicles would have sprung apart but that photographs taken of the vehicles revealed that the two vehicles were together after the crash.

---

[1] Mr. Regan did not participate in this appeal.

Mr. Regan's version of the collision blamed Ms. White for her negligent driving. Mr. Regan testified that he had been driving in the middle lane when Ms. White's vehicle passed him on the right and then improperly changed lanes, cutting him off. He stated that he had been driving forty to forty-five miles per hour at the time he rear-ended Ms. White's moving vehicle, just seconds after her vehicle had entered his lane. Mr. Regan further testified that he did not apply his brakes before the collision and that Ms. White's vehicle did not slow down after it cut him off in his lane.

Ms. White, on the other hand, testified that she had also been stopped at the red light and felt "one big impact" from the back, propelling her into Mr. Angel's truck.

The Whites called expert Bradley Cook, a forensic engineer, who had reconstructed the accident; Mr. Cook testified that based on his analysis Mr. Regan struck Ms. White at fifty-six miles per hour and propelled her vehicle into Mr. Angel's truck at twenty-seven miles per hour. Mr. Cook testified that the fifty-six miles per hour calculation was a differential, indicating that Mr. Regan's vehicle had been travelling fifty-six miles per hour faster than Ms. White's vehicle at the time of impact. Mr. Cook testified that Ms. White's vehicle had been at a complete stop when it came in contact with Mr. Regan's vehicle. When asked about the two contacts with Mr. Angel's truck, Mr. Cook testified that it was possible Ms. White's vehicle struck Mr. Angel's truck twice, with the first contact heavier than the second. Mr. Cook also acknowledged Mr. Regan's testimony that Ms. White cut him off just before the impact; however, based on Mr. Cook's reconstruction of the accident, Ms. White would not have had time to pass Mr. Regan and come to a complete stop before the impact. Mr. Cook ultimately opined that Mr. Angel and Ms.

3

White did not contribute to the accident and that Mr. Regan's version of the collision was inconsistent with physics.

The Whites moved for directed a verdict, and the trial court reserved ruling. The case thereafter proceeded to the jury for deliberations. But after the jury deadlocked, the trial court declared a mistrial and granted directed verdict in the White's favor. While the trial court recognized disputes in the witness testimony, it reasoned that "a reasonable jury could [not] find that the laws of physics cease to apply in Pasco County," finding that Mr. Regan's version of events was impossible given his testimony that Ms. White's vehicle had passed him while he was going forty-five miles per hour and that his vehicle impacted hers while both were still moving. The trial court issued a written order granting the Whites' motion for directed verdict, finding there was "no evidence of negligence as it relates to Ms. White" and that there was therefore insufficient evidence for the issue of Ms. White's negligence to be submitted to the jury. The trial court also found that Mr. Regan's testimony was not sufficient to rebut Florida's presumption of negligence that attaches to a rear-end driver.

A final judgment was entered in accordance with the directed verdict, apportioning one hundred percent liability to Mr. Regan. Mr. Angel moved for rehearing, joined by Mr. Regan, which the trial court denied.

## II.

"We review a trial court's ruling on a motion for directed verdict de novo." *Lincare Holdings Inc. v. Ford*, 307 So. 3d 905, 909 (Fla. 2d DCA 2020) (first citing *Christensen v. Bowen*, 140 So. 3d 498, 501 (Fla. 2014); and then citing *Omega Ins. v. Wallace*, 224 So. 3d 864, 867 (Fla. 2d DCA 2017)). "In so doing, 'we apply the same test that the trial court applies

4

in ruling on the motion.' " *Id.* (quoting *Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19, 27 (Fla. 2d DCA 2011)).

> A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor of the nonmoving party. If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury.

*Id.* (quoting *Fell v. Carlin*, 6 So. 3d 119, 120 (Fla. 2d DCA 2009)); *see also Pritchett v. Jacksonville Auction, Inc.*, 449 So. 2d 364, 365 (Fla. 1st DCA 1984) ("When considering the propriety of a motion for directed verdict, the evidence of course must be considered in the light most favorable to the non-moving party, and if there is *any* evidence to support a possible verdict for such party, a directed verdict is improper." (first citing *Townsend v. Ward,* 429 So. 2d 404, 407 (Fla. 1st DCA 1983); and then citing *Guy v. Kight,* 431 So. 2d 653, 655 (Fla. 5th DCA 1983))).

"It is well established that directed verdicts in negligence actions should rarely be granted." *Martinez v. Lobster Haven, LLC*, 320 So. 3d 873, 881 (Fla. 2d DCA 2021) (citing *United Servs. Auto. Ass'n v. Rey*, 313 So. 3d 698, 700 (Fla. 2d DCA 2020)). "Moreover, a directed verdict in a negligence action should only be entered if the plaintiff could not recover under any reasonable view of the evidence." *Pritchett*, 449 So. 2d at 365 (citing *Whitten v. State Farm Fire & Cas. Co.,* 430 So. 2d 528, 529 (Fla. 4th DCA 1983)). "This rule is particularly important in cases where, as here, the doctrine of comparative negligence applies." *Id.*

In this case, the testimony of the two expert witnesses was conflicting: Mr. Cook testified that Mr. Regan struck Ms. White,

5

propelling her into Mr. Angel, while Mr. Koontz testified that Ms. White first struck Mr. Angel and was then struck by Mr. Regan, causing Ms. White to again hit Mr. Angel. The Whites argue that the physical evidence at trial rendered Mr. Regan's version of events physically impossible. They support this argument by pointing to the statement from "Ms. White's expert, Mr. Cook, [who] testified that Mr. Regan's account was impossible because it would have taken six or seven seconds for a passing vehicle to slow (from a speed sufficient to pass Mr. Regan) enough to create the" speed differential to cause the demonstrated physical damage. They argue, in other words, that Mr. Regan's version of events was impossible based on their expert's testimony. Yet this argument is not a legally sufficient basis for a directed verdict. *See, e.g.*, *Stringer v. Katzell*, 674 So. 2d 193, 195 (Fla. 4th DCA 1996) ("It is the jury's unique function in a trial to evaluate and weigh all the evidence, including expert testimony." (citing *Easkold v. Rhodes*, 614 So. 2d 495, 497-98 (Fla. 1993))).

The Whites also argue that a directed verdict was proper because Mr. Regan's testimony was not sufficient to rebut the presumption of negligence that attaches to a rear-end driver. While Florida recognizes this presumption, *see, e.g., Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570, 572-73 (Fla. 2001) ("The rebuttable presumption of negligence that attaches to the rear driver in a rear-end collision in Florida arises out of necessity in cases where the lead driver sues the rear driver. The presumption bears only upon the causal negligence of the rear driver . . . ."), it is not an appropriate basis to direct a verdict with zero liability to Ms. White where an expert testified that Ms. White herself was the rear-end driver in the first collision with Mr. Angel. *See Gulle v. Boggs*, 174 So. 2d 26, 29 (Fla. 1965) ("When the defendant produces evidence

which fairly and reasonably tends to show that the rear [driver's negligence] is not as presumed, . . . the entire matter should be deposited with the trier of the facts to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence."). And to the extent that the Whites argue that a jury would need to impermissibly stack inferences to accept Mr. Koontz's testimony, such is not the case where Mr. Koontz testified that Ms. White rear-ended Mr. Angel before she was struck by Mr. Regan. To the contrary, for purposes of the "inference on inference" rule, an expert's testimony to the existence of a fact, even when contradicted by other testimony, is "direct evidence and not an inference drawn from circumstantial evidence." *Zack v. Centro Espanol Hosp., Inc.*, 319 So. 2d 34, 36 (Fla. 2d DCA 1975). Therefore, the trial court was required to consider the evidence, including Mr. Koontz's testimony, in the light most favorable to Mr. Angel.

III.

Because the trial court improperly weighed the evidence and in doing so rejected Mr. Regan's version of the events as impossible based in part on one of two conflicting experts' testimony—giving no weight to Mr. Angel's expert who testified to the contrary—the directed verdict in favor of the Whites was error. Accordingly, we reverse the final judgment and remand for a new trial.

Reversed and remanded.

MORRIS and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.